IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| William Ferrara, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael E. Hunt, Sheriff of Aiken County, | ) | |
| Aiken County Sheriff's Department, | ) | **ANSWER** |
| Charles Cain in his individual capacity as | ) | |
| Deputy Sheriff, The Aiken County Sheriff's | ) | |
| Department, Former Second Judicial | ) | |
| Circuit Solicitor Barbara R. Morgan, and | ) | |
| Brenda R. Brisbin in her individual capacity | ) | |
| as Assistant Solicitor with the Second | ) | |
| Judicial Circuit, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

NOW COME the Defendants, Michael E. Hunt, Sheriff of Aiken County; Aiken County Sheriff's Department; Charles Cain in his individual capacity as Deputy Sheriff; The Aiken County Sheriff's Department; Former Second Judicial Circuit Solicitor Barbara R. Morgan, and; Brenda R. Brisbin in her individual capacity as Assistant Solicitor with the Second Judicial Circuit, by and through their undersigned attorneys, expressly reserving their respective rights to be heard on timely Motions, to be filed under either Rules 12 or 56 of the *Federal Rules of Civil Procedure*, answer the Complaint in this action as follows:

**FOR A FIRST DEFENSE**

The Defendants specifically deny each and every allegation contained within the Complaint not hereinafter either expressly admitted, qualified or explained.

## FOR A SECOND DEFENSE

The Defendants would show that the Complaint is frivolous and Plaintiff has failed to state facts sufficient to support any cause of action, and the Complaint should therefore be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

## FOR A THIRD DEFENSE

For purposes of this Answer, Defendants make reference to "The Aiken County Sheriff's Department"; however, Defendants would reserve all rights to assert, and hereby do assert the proposition that the named Defendant, "The Aiken County Sheriff's Department", is not a "person" subject to suit under 42 U.S.C. §§ 1983, 1985 or 1986 and accordingly is not a proper party to this action. Further, "The Aiken County Sheriff's Department" is not a jural entity subject to suit and should therefor be dismissed from this action as a matter of law.

## FOR A FOURTH DEFENSE

The Defendants, Morgan and Brisbin, hereby assert that each of them is entitled to absolute prosecutorial immunity from suit and, accordingly, each is entitled to be dismissed from this action.

## FOR A FIFTH DEFENSE

The Defendants would show that at all times alleged in the Complaint, they acted reasonably and in good faith and did not violate any clearly established constitutional rights of the Plaintiff, and, therefore, each is qualifiedly immune from suit.

## FOR A SIXTH DEFENSE

The Defendants, at all times relevant hereto and during the performance or non-performance of the acts alleged in the Complaint, did not perform any acts or fail to perform any acts in bad faith, in a malicious manner, with corrupt motives, or with deliberate indifference and, accordingly,

2

Defendants are each immune from suit.

### FOR A SEVENTH DEFENSE

The Defendants deny that the matters asserted by the Plaintiff in his Complaint fall within the purview of 42 U.S.C. §§ 1983, 1985, or 1986. The Defendants further deny that any constitutional rights of the Plaintiff have been violated.

### FOR AN EIGHTH DEFENSE

At all times relevant to the allegations of the Complaint, the Defendants were acting according to, and in compliance with the laws of the State of South Carolina and/or regulations duly promulgated thereunder, and are, therefore, immune from suit. The Defendants plead such statutory, regulatory and/or common law authorization as a complete defense and bar to any and all of the Plaintiff's causes of action, as set forth in his Complaint.

### FOR A NINTH DEFENSE

The Defendants plead, by way of affirmative defenses, the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.*, to the extent that they are sued for any pendent state claims, including all of the immunities, limitations, and defenses granted or preserved by the Act. Included within the Act, Defendants, *inter alia*, make specific reference herein to the provisions of S.C. Code Ann. §§ 15-78-30; 15-78-60(1), (2), (3), (4), (5), (20), (23) and (25); 15-78-70; 15-78-80; 15-78-90; 15-78-120; and, 15-78-200 of said Act.

### FOR A TENTH DEFENSE

The Defendants further show by way of a further and affirmative defense that no act, omission, or any other error Plaintiff claims they did, or failed to do, was the proximate cause of any injuries, whether financial, physical, or mental to the Plaintiff.

### FOR AN ELEVENTH DEFENSE

At all times relevant hereto, the Defendants were comprised of, and operated by, governmental officials who were performing discretionary functions and actions which would reasonably have been thought consistent with the rights of the Plaintiff and of which they are alleged to have violated as "governmental entities". Therefore, the Defendants are entitled to immunity from suit as a matter of law.

### FOR A TWELFTH DEFENSE

The Defendants would also assert that Plaintiff's claims and the damages sought in the Complaint are all barred by the public policy of the State of South Carolina.

### FOR A THIRTEENTH DEFENSE

The Defendants assert the equitable and affirmative defense of unclean hands as a defense to any and all of Plaintiff's claims for equitable relief.

### FOR A FOURTEENTH DEFENSE

All, or a portion of, Plaintiff's causes of action have not been brought within the applicable statute of limitations and, as to those, this Court must dismiss the same.

### FOR A FIFTEENTH DEFENSE

Defendants assert that the doctrine of *respondeat superior* is inapplicable to any cause of action founded upon 42 U.S.C. § 1983.

### FOR A SIXTEENTH DEFENSE

To the extent that the allegations of the Complaint may be properly construed as asserting a claim for punitive damages, the Defendants assert that they are not subject to punitive damages, as set forth in § 15-78-30(f) of the South Carolina Tort Claims Act as a defense to such a cause or

causes of action.

## FOR A SEVENTEENTH DEFENSE

To the extent that the allegations of the Complaint may be properly construed as alleging a cause of action for intentional infliction of emotional distress, the Defendants specifically assert the provisions of § 15-78-120(b) of the South Carolina Tort Claims Act as a defense to such cause of action.

## FOR AN EIGHTEENTH DEFENSE

Defendants assert, by way of a further defense, that negligence is insufficient to sustain any cause of action founded upon 42 U.S.C. § 1983.

## FOR A NINETEENTH DEFENSE

Defendants, Hunt and Cain, show that each is a duly certified and serving law enforcement officer of the State of South Carolina.

## FOR A TWENTIETH DEFENSE

Defendants, Morgan and Brisbin, show that each is a duly licensed and practicing Attorney at Law within the State of South Carolina.

## FOR A TWENTY-FIRST DEFENSE

Defendants further show that Defendant, Michael E. Hunt, as Sheriff of Aiken County, is the appropriate "governmental entity", as the phrase is defined by the South Carolina Tort Claims Act, to be sued for the alleged wrongdoing of himself, his agents and employees;  the Defendant, "The Aiken County Sheriff's Department", is not a jural entity recognized by said Act and not a proper party Defendant to this action. Accordingly, said named Defendant must be dismissed.

## FOR A TWENTY-SECOND DEFENSE

Plaintiff can not maintain an action founded upon 42 U.S.C. § 1985 based upon the allegations of his Complaint.

## FOR A TWENTY-THIRD DEFENSE

At all times relevant hereto, the individual Defendants, Hunt, Cain, Morgan and Brisbin, were governmental officials engaged in the performance of their respective official duties, performing discretionary functions and actions which would reasonably have been thought consistent with the rights of the Plaintiff and of which they are alleged to have violated. Therefore, the said individual Defendants are entitled to qualified immunity from suit as a matter of law.

## FOR A TWENTY-FOURTH DEFENSE

At all times relevant hereto, the Defendants were engaged in the performance of their respective official duties and at no time violated any clearly established constitutional rights of the Plaintiff which were known, or should have been known, to them and, therefore, Defendants are entitled to immunity as a matter of law.

## FOR A TWENTY-FIFTH DEFENSE

At all times relevant to the allegations of the Complaint, the individual Defendants, Hunt, Cain, Morgan and Brisbin, were acting as officers, employees and officials of the State of South Carolina, or a subdivision thereof, engaged in the performance of their respective official duties, and each is, therefore, immune from liability and cannot be sued without an express waiver of sovereign immunity.

## FOR A TWENTY-SIXTH DEFENSE

By way of further response to the allegations of the Complaint, the Defendants, in this their

6

Twenty-Sixth Defense, herein utilizing paragraph and sub-paragraph numbers corresponding to the paragraph numbers of the Complaint, show that the same is/are:

1-2.    The Defendants admit that the United States District Court for the District of South Carolina has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and/or 1343; otherwise denied.

3-5.    Jurisdictional in nature, it does not appear that a response to the allegations contained in these paragraphs are required; however, to the extent a response is required, the Defendants admit only that the acts and omissions complained of occurred in Aiken County, South Carolina.

6.    Admitted, upon information and belief.

7-10.    The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of these paragraphs and, accordingly, deny the same and demand strict proof thereof.

11.    Admitted.

12.    Admitted that Defendant, Michael E. Hunt, is the duly elected and serving Sheriff of Aiken County, South Carolina, and, as such, is the proper governmental entity to be named as a Defendant in an action wherein it is alleged that a tort has been committed by either himself, his servants and employees, under the provisions of the South Carolina Tort Claims Act. Admitted, further, that Sheriff Hunt is responsible for the proper training and supervision of his employees, including that of Defendant, Charles E. Cain. Otherwise, denied.

13.    Admitted that Defendant, Cain, at all times of which Plaintiff complains, was employed by Defendant, Hunt, as a Deputy Sheriff of Aiken County, South Carolina, and that Deputy Sheriff Cain was, at all times of which Plaintiff complains, acting within the course and

7

scope of his employment. Otherwise denied.

14.    Denied.

15.    Admitted that the office of Sheriff Michael E. Hunt is located in Aiken County, South Carolina.

16.    Admitted that Barbara R. Morgan, Solicitor of the Second Judicial Circuit, was, at all times of which Plaintiff complains, a governmental entity.

17.    Denied, as written.

18.    Admitted that, at all times of which Plaintiff complains, Defendant, Cain, was a duly appointed and serving Deputy Sheriff of Aiken County, acting within the course and scope of his duties as such. Otherwise denied.

19.    Admitted.

20.    Admitted.

21.    Admitted that Defendants, Morgan and Hunt, at all times of which Plaintiff complains, were supervisory heads of their respective governmental entities.

22.    Admitted that Defendants Hunt, Morgan, Cain and Brisbin, in their individual capacities, are "persons" as that word is defined in 42 U.S.C. § 1983. Otherwise, denied.

23.    Admitted, upon information and belief, that Plaintiff so believes. Otherwise, denied.

24.    Denied.

25.    This paragraph is jurisdictional in nature, requiring no response.

26.    The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

27.    The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

28.    Admitted, upon information and belief.

29.    Admitted, upon information and belief.

30.    The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

32-36.  The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of these paragraphs and, accordingly, deny the same and demand strict proof thereof.

37.    The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

38.    The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

39.    The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

40.    Denied.

41-43.  The Defendants are without sufficient information with which to formulate an

opinion as to the truth of the allegations of these paragraphs and, accordingly, deny the same and demand strict proof thereof.

44.     Admitted that on or about July 13, 2006, Magistrate Patrick Sullivan, an independent judicial officer, found probable cause to issue several Arrest Warrants, calling for the arrest of Plaintiff, and, further, issued a Search Warrant authorizing the search of Plaintiff's residence. Otherwise, denied.

45.     Denied.

46.     Admitted that Plaintiff was arrested as the result of the issuance of the Arrest Warrants previously mentioned herein and was thereafter booked and detained in the Aiken County Detention Center. Otherwise, denied.

47.     Denied.

48.     Admitted that on or about July 13, 2006, a lawfully obtained Search Warrant was executed on premises identified as 109 Fox Lea Trail, Aiken, South Carolina. Otherwise denied.

49.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

50.     Denied.

51.     Denied.

52.     Admitted that a bond hearing, pertaining to the charges lodged against Plaintiff, was duly held, at which hearing Plaintiff was represented by counsel, and Plaintiff was released upon conditions set forth by a Magistrate. The Defendants are without sufficient information with which to formulate an opinion as to the truth of the further allegations of this paragraph and, accordingly,

deny the same and demand strict proof thereof.

53.     Denied.

54.     Denied.

55.     Denied.

56.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

57.     As to the first sentence of this paragraph, the Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof. Otherwise, denied.

58.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

59.     Denied.

60.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

61.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

62.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and

demand strict proof thereof.

63.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

64.     Denied.

65.     Denied.

66.     As to the first sentence of this paragraph, denied. It is admitted that on or about October 11, 2006, a Preliminary Hearing was held before an independent Magistrate. Otherwise, denied.

67.     As to the first sentence of this paragraph, it is admitted upon information and belief. The second sentence of this paragraph is denied. Admitted that Deputy Solicitor Bill Weeks was present at the Hearing in question. The Defendants are without sufficient information with which to formulate an opinion as to the truth of the remaining allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

68.     As to the first two sentences of this paragraph, admitted. The third sentence of this paragraph is denied. The fourth sentence of this paragraph is denied. The Defendants are without sufficient information with which to formulate an opinion as to the truth of the further allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

69.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

70.     Defendants, upon information and belief, admit the allegations contained in the first

two sentences of this paragraph. The third sentence of the paragraph, upon information and belief, is admitted. Otherwise, denied.

71.     Upon information and belief, the Defendants admit the allegations contained in the first two sentences of this paragraph. Otherwise, denied.

72.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of the first sentence of this paragraph and, accordingly, deny the same and demand strict proof thereof. Otherwise, denied.

73.     Upon information and belief, the allegations contained in the first sentence of this paragraph are admitted. Otherwise, denied.

74.     Upon information and belief, admitted.

75.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

76-77. Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Admitted, upon information and belief, that bench warrants were issue on or about December 19, 2007, for Bobbie Jean Murray. Otherwise, denied.

82.     Admitted that Defendant, Brisbin consented to the removal of a GPS monitor from the person of the Plaintiff. Otherwise, denied.

83.     Denied.

13

84.     Admitted, upon information and belief, that Bobbie Jean Murray, was arrested and detained in the Aiken County Detention Center. Otherwise, denied.

85.     Upon information and belief, admitted.

86.     Admitted that on or about October 14, 2008, a consent Order was executed to remove house arrest and GPS monitoring of Plaintiff as a condition of his bond. Otherwise, denied.

87.     Admitted that, at some point in time, Bobbie Jean Murray was released from th Aiken County Detention Center. Otherwise, denied.

88.     The first sentence of this paragraph is admitted. Otherwise, denied.

89-103.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of these paragraphs and, accordingly, deny the same and demand strict proof thereof.

104.     The Defendants are without sufficient information with which to formulate an opinion as to the truth of the allegations of this paragraph and, accordingly, deny the same and demand strict proof thereof.

105-106.     Admitted that Plaintiff filed a verified claim with the named entities in the sum of Sixty Thousand ($60,000.00) Dollars.

107.     Denied.

108.     Denied.

109.     Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

110-116.     Denied.

14

117.     Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

118-131.     Denied, showing, further, that the South Carolina Tort Claims Act, at §15-78-30(f), sets forth that a "Loss", as defined by said Act, specifically excludes the intentional infliction of emotional harm as a cause of action for which Plaintiff may seek recovery.

132.     Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

133.     Admitted that the named individual Defendants, in their individual capacities, are "persons", as the word is defined for the purposes of 42 U.S.C. § 1983.

134-140.     Denied.

141.     Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

142.     Denied.

143.     Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

144-155.     Denied.

156.     Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of

their prior responses hereto.

157-162.    Denied.

163.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

164.    Admitted that Defendant,Morgan, as Solicitor of the Second Judicial Circuit, hired and supervised the Defendant, Brisbin, as an Assistant Solicitor of the Second Judicial Circuit.

165.    Admitted.

166-169.    Denied.

170.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

171-173.    Denied.

174.    Admitted.

175-179.    Denied.

180.    Admitted.

181-186.    Denied.

187.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

188.    Admitted that Plaintiff so defines the Defendants.

189-192, **as well as the misnumbered paragraphs 166 through 169**, included in Plaintiff's

"Ninth Cause of Action", are denied.

<u>As to Plaintiff's Tenth Cause of Action:</u>

**_____( Responding to Plaintiff's misnumbered paragraphs):**

170.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein all of their prior responses hereto.

171.    Admitted that Plaintiff so defines the Defendants.

172-177.    Denied.

<u>As to Plaintiff's Eleventh Cause of Action:</u>

**(Responding to Plaintiff's misnumbered paragraphs);**

178.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

179.    Admitted that Plaintiff so defines the said Defendants.

180.    Denied.

181-186.    Denied.

<u>As to Plaintiff's Twelfth Cause of Action:</u>

**_____(Responding to Plaintiff's misnumbered paragraphs):**

187.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

188.    Admitted that Plaintiff so defines them.

17

189-194.     Denied.

As to Plaintiff's Thirteenth Cause of Action:

_____**(Responding to Plaintiff's misnumbered paragraphs):**

195.     Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

196.     Admitted that Plaintiff so defines the said Defendants.

197-204.     Denied.

As to Plaintiff's Fourteenth Cause of Action:

**(Responding to Plaintiff's misnumbered paragraphs):**

205.     Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

206-207.     Denied.

208.     Admitted.

209-212.     Denied.

As to Plaintiff's Fifteenth Cause of Action:

**(Responding to Plaintiff's misnumbered paragraphs):**

213.     Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

214-220.     Denied.

18

221.    Admitted that at all times of which Plaintiff complains, Defendant Cain was acting under color of law. Otherwise, denied.

222-228.    Denied.

As to Plaintiff's Sixteenth Cause of Action:

_____(Responding to Plaintiff's misnumbered paragraphs):

229.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

230-260, including all subsections and subtitles thereto, are denied.

As to Plaintiff's Seventeenth Cause of Action:

(Responding to Plaintiff's misnumbered paragraphs):

261.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein all of their prior responses hereto.

262-270.    Denied.

As to Plaintiff's Eighteenth Cause of Action:

(Responding to Plaintiff's misnumbered paragraphs):

271.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

272-277.    Denied.

As to Plaintiff's Nineteenth Cause of Action:

**(Responding to Plaintiff's misnumbered paragraphs):**

278.    It is admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

279-284.    Denied.

As to Plaintiff's Twentieth Cause of Action:

**(Responding to Plaintiff's misnumbered paragraphs):**

285.    It is admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

286-296.    Denied.

As to Plaintiff's Twenty-First Cause of Action:

**(Responding to Plaintiff's misnumbered paragraphs):**

297.    Admitted that Plaintiff so re-alleges. To the extent necessary to fully respond to all of the allegations of the Complaint, Defendants reiterate and incorporate, as if fully set forth herein, all of their prior responses hereto.

298-305.    Denied.

**WHEREFORE**, the Defendants, Michael E. Hunt, Sheriff of Aiken County; "The Aiken County Sheriff's Department"; Charles Cain; Barbara E. Morgan, and; Brenda R. Brisbin, by and through their undersigned counsel, having fully responded to the allegations set forth in the Complaint, respectfully pray that this action be dismissed with prejudice as to all of Plaintiff's

causes of action and demands for injunctive and/or monetary relief, and; with costs and reasonable attorneys' fees being assessed against the Plaintiff under the provision of 42 U.S.C. §1988; under Rule 11 of the *Federal Rules of Civil Procedure*; under S.C. Code Ann. § 15-78-120(a); under 28 U.S.C. § 1927, or under any other statute or rule this Court may find applicable.

LIDE AND PAULEY, LLC

s/ Vinton D. Lide
Vinton D. Lide
Fed. I.D. No.: 2683
5179 Sunset Boulevard
Post Office Box 2189
Lexington, South Carolina 29072
Telephone: (803) 808-1799
Facsimile: (803) 808-1887
dee@lidelaw.com

ATTORNEYS FOR DEFENDANTS

Lexington, South Carolina

August 10, 2009

21