IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK CHARLESTON, SC
2012 MAR 28 P 4:04

| | |
|---|---|
| William Ferrara, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:09-2112 |
| ) | |
| vs. ) | |
| ) | |
| Michael E. Hunt, Sheriff of Aiken County; ) | |
| Charles Cain, in his individual capacity as ) | ORDER |
| Deputy Sheriff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on Defendants' motions for summary judgment. (Dkt. Nos. 140, 145). Plaintiff alleges violations of various federal and state law rights arising out of his arrest by the Aiken County Sheriff's Office for a variety of alleged offenses, including solicitation of prostitution, assault and battery of a high and aggravated nature, indecent exposure and disseminating obscenities. The criminal charges were eventually dismissed. Plaintiff initially brought this action in the Aiken County Court of Common Pleas, and Defendants removed the case to federal court on the basis of federal question jurisdiction. (Dkt. No. 1).

The case was referred to the Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. § 636(b)(1) and Rule 73.02(B), D.S.C. The Magistrate Judge issued a Report and Recommendation ("R & R") on March 19, 2012 recommending that the Court grant Defendant Cain's motion for summary judgment and grant in part and deny in part Defendant Hunt's motion for summary judgment. (Dkt. No. 156). Plaintiff has filed objections to the R & R (Dkt.

-1-

No. 160) and Defendant Hunt has filed a reply. (Dkt. No. 162). All parties have requested that the Court decline to exercise its supplemental jurisdiction if the only remaining issues surviving summary judgment are state law causes of action. (Dkt. No. 160 at 3; Dkt. No. 161). As more fully set forth below, the Court adopts that portion of the R & R relating to the Plaintiff's federal causes of action and grants the Defendants' motions for summary judgment regarding Plaintiff's federal causes of action. Further, the Court declines to exercise its supplemental jurisdiction over the remaining state causes of action pursuant to 28 U.S.C. § 1367(c)(3) and remands the case to the Aiken County Court of Common Pleas.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made. The Court may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court is not required to "review [the] magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to the magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In a motion for summary judgment, the movant is entitled to relief only if he can show "that there is no genuine dispute as to any material fact" and the moving party is thus "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is deemed "material" if proof of its existence or non-existence would affect the disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of "material fact" is

"genuine" if the evidence offered is of the type from which a reasonable jury might return a verdict for the non-moving party. *Id.* at 257. The evidence must be viewed in a light most favorable to the non-moving party, and all inferences and ambiguities are read in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### Plaintiff's Federal Causes of Action

Plaintiff's original complaint, brought *pro se*, was 80 pages and included 21 separate causes of action. (Dkt. No. 1-1). The Court granted, in part, Defendants' motion for summary judgment in regard to 7 of these causes of action[1] on December 29, 2010, with leave for the parties to file another summary judgment motion upon the completion of discovery. (Dkt. No. 89 at 18). Plaintiff subsequently obtained counsel and the parties engaged fully in discovery. Upon the completion of discovery, Defendants again moved for summary judgment. (Dkt. No. 140, 145). Plaintiff did not oppose Defendants' motions regarding the Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Nineteenth Causes of Action, and the Magistrate Judge found these claims abandoned by Plaintiff. (Dkt. No. 156 at 2-3). Since Plaintiff has not filed an objection to this portion of the R & R, the Court grants summary judgment regarding those aforementioned causes of action found to have been abandoned by Plaintiff.

Plaintiff's remaining federal causes of action include two claims for § 1983 false arrest against Defendant Cain (First and Eighth Causes of Action), a § 1983 malicious prosecution claim against Defendants Cain and Hunt (Third Cause of Action) and a § 1983 supervisory liability claim against Defendant Hunt (Sixteenth Cause of Action). The Magistrate Judge

---

[1] The Court granted summary judgment in regard to the Fourth, Fifth, Sixth, Fourteenth, Fifteenth, Seventeenth and Twenty First Causes of Action in the earlier summary judgment motion. (Dkt. No. 89).

correctly noted that the § 1983 false arrest and malicious prosecution claims "turn on the existence of probable cause for [Plaintiff's] arrest." (Dkt. No. 156 at 7).

Defendant Cain is an investigator with the Aiken County Sheriff's Office and was assigned a case in July 2006 involving allegations against Plaintiff, a real estate investor and manager and former member of the Aiken County Council. Another officer, Deputy Johnson, had taken a statement from an alleged victim, Kari Driggers, who was a tenant in a building managed by Plaintiff. Ms. Driggers stated that Plaintiff had offered her cash and free rent for sex, had fondled her on several occasions, exposed himself to her and showed her an image of a penis on a cell phone. (Dkt. No. 58-3 at 2-3). Defendant Cain conducted his own interview with Ms. Driggers, and she provided a consistent statement of the same charges to him. Defendant Cain obtained written statements from the alleged victim, and she gave written responses to a series of specific questions. (Dkt. No. 145-7 at 3, 5; Dkt. No. 145-10) Ms. Driggers also reported that Plaintiff had made repeated inquiries to a neighbor about her whereabouts, and Defendant Cain obtained a statement from the neighbor in which he stated that Plaintiff would ask him daily about Driggers. (Dkt. No. 58-3 at 3; Dkt. No. 145-7 at 4).

Based upon the information gathered by Defendant Cain, he thereafter prepared and submitted affidavits to a state magistrate regarding the allegations against Plaintiff and provided the magistrate a copy of Ms. Driggers' statement. (Dkt. No. 58-3 at 4; Dkt. No. 145-11; Dkt. No. 149-3 at 15). The state magistrate determined there was probable cause present and authorized the issuance of the arrest warrants against Plaintiff. (Dkt. No. 145-11). The charges were subsequently modified and a second state magistrate found probable cause for charges against Plaintiff that included assault and battery of a high and aggravated nature, solicitation of

prostitution and exposure of private parts in a lewd manner. (Dkt. No. 149-7). Subsequently, all criminal charges were dismissed against Plaintiff.

The eventual dismissal of criminal charges, standing alone, does not form the basis of a civil action against the investigating officer for making an arrest without probable cause. Probable cause is present where "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect committed . . . an offense." *Michigan v. De Fillippo*, 443 U.S. 31, 37 (1979). Further, "[w]hile probable cause requires more than bare suspicion, it requires less than that evidence necessary to convict." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998). Probable cause is determined based on the information known to the officer at the time of the arrest, rather than based upon information subsequently learned. *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003).

To establish the absence of probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit . . . or omitted from the affidavit material facts with the intent to make, or with a reckless disregard of whether they thereby made, the affidavit misleading . . . ." *Miller v. Prince George's County, MD*, 475 F.3d 621, 627 (4th Cir. 2007). To establish a "reckless disregard" for the truth, the plaintiff must establish that the officer acted "with a high degree of awareness of [a statement's] probable falsity". *Id.* An omission can constitute a "reckless disregard" where the officer "failed to inform the judicial officer of facts [he] knew would negate probable cause." *Id.* On the other hand, "allegations of negligence or innocent mistake by a police officer will *not* provide a basis for a constitutional violation." *Id.* at 627-28. (Emphasis in original).

In addition to the defense that there was probable cause to support the issuance of an arrest warrant, an officer is entitled to qualified immunity if he can demonstrate that the Plaintiff's constitutional right at issue was not violated and/or that the constitutional right was not clearly established so that it would be clear "to an objectively reasonable officer that his conduct violated that right." *McKinney v. Richland County Sheriff's Dept.*, 431 F.3d 415, 417 (4th Cir. 2005). Qualified immunity is designed to protect governmental officials performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Magistrate Judge determined that Defendant Cain had probable cause for the arrest of Plaintiff based upon the consistent statements of the alleged victim and the corroborating statement of the neighbor. The Magistrate Judge also found that Defendant Cain's actions were "objectively reasonable", thereby entitling him to a defense of qualified immunity. Plaintiff objects to the Magistrate Judge's R & R, arguing that reliance upon the statement of the victim is not sufficient to establish probable cause and "would allow the police to essentially conduct witch hunts and arrest individuals with nothing more than a name given by a purported victim." (Dkt. No. 160 at 1). Plaintiff contends, relying on *Illinois v. Gates*, 462 U.S. 213 (1983), that an officer must "do more" than take a victim's statement to establish probable cause and must develop additional, corroborating evidence to establish probable cause. *Id.* at 1-2. Plaintiff further objects to the Magistrate Judge's finding of qualified immunity for Defendant Cain, contending that with "nothing more than these unsworn statements" from the alleged victim and neighbor the officer cannot establish his actions were objectively reasonable. *Id.* at 2.

Contrary to the arguments of Plaintiff, it is well settled that probable cause can often be established by the statement of a crime victim. In *McKinney v. Richland County Sheriff's Dept.*, 431 F.3d at 418, the Fourth Circuit held that consistent statements by a crime victim to two separate officers were "sufficient to warrant a prudent man in believing that [the accused] had committed or was committing an offense and therefore gave rise to probable cause." The Fourth Circuit further observed in *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991) that "it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, per chance, the officer were to witness the crime himself." As the Seventh Circuit stated in *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d at 743, "[t]he complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." *See also, Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 439 (7th Cir. 1986)("[I]t's what the police know, not whether they know the truth, that matters."); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a compliant or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."); *Maron v. County of Albany*, 166 Fed. Appx. 540, 542 (2d Cir. 2006); *Koester v. Lanfranchi*, 288 Fed. Appx. 764, 766 (2d Cir. 2008).

Plaintiff's reliance on *Illinois v. Gates* is misguided. *Gates* involved the use of an "anonymous informant's tip", and the Court determined that such information needed to be evaluated under a "totality of circumstances" test to determine if probable cause was present. 462

U.S. 213, 230-231. This is because "[i]nformants' tips doubtless come in many shapes and sizes from many different types of persons." *Id.* at 232. In this matter, the alleged victim was not an anonymous tipster but a person with reportedly first hand knowledge regarding the accused's actions and who had purportedly undergone a physical assault and other actions at the hands of Plaintiff.

The Court finds that Defendant Cain had probable cause for the arrest of Plaintiff based upon the multiple consistent written and oral statements of the alleged victim and the corroborating statement of the neighbor.[2] Further, the Court concurs in the finding of the Magistrate Judge that Defendant Cain is entitled to qualified immunity because his conduct was objectively reasonable and there was probable cause to effect Plaintiff's arrest. Therefore, the Court adopts that portion of the Magistrate Judge's R & R which grants Defendant Cain summary judgment on all federal claims against him.[3] (Dkt. No. 156 at 6-15).[4]

The Magistrate Judge additionally recommended granting Defendant Hunt summary judgment on the federal claim of supervisory liability on the basis that there is no *respondeat superior* liability under a § 1983 claim. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978). A governmental official defendant may be held liable under

---

[2] Although Plaintiff raises various issues challenging the veracity of the purported victim, there is no evidence that Defendant Cain was then aware of such information or that he harbored any suspicions regarding the purported victim's credibility.

[3] This includes Plaintiff's First, Third and Eighth Causes of Action.

[4] While the finding of probable cause by two different judicial officers in this matter does not establish *per se* the presence of probable cause for Defendant Cain's actions in effecting the arrest of Plaintiff, such judicial findings are, nonetheless, "noteworthy". *Torchinsky v. Siwinski*, 942 F.2d 257 at 261.

§ 1983 only for that official's acts in deprivation of the constitutional rights of the Plaintiff. Plaintiff acknowledges this well settled § 1983 case law but contends that vicarious liability can be imposed on Defendant Hunt by way of state statutory law, S.C. Code Ann. § 23-13-10. While there may be vicarious liability arising under state tort law against South Carolina governmental officials under certain circumstances, a state statute cannot impose vicarious liability under § 1983 law. Therefore, the Court concurs with the Magistrate Judge's R & R recommending summary judgment regarding the federal supervisory claim against Defendant Hunt and adopts that portion of the R & R granting summary judgment to Defendant Hunt regarding Plaintiff's Sixteenth Cause of Action. (Dkt. No. 156 at 15-16).

## Plaintiff's State Law Claims

Plaintiff has further asserted state tort claims for malicious prosecution against Defendants Hunt and Cain (Second Cause of Action) and defamation against Defendant Hunt (Twentieth Cause of Action). The Magistrate Judge recommends granting summary judgment on the malicious prosecution claim because of the finding that there was probable cause to support the arrest and denying summary judgment on the defamation action arising out of the publication and maintenance of a statement on Defendant Hunt's official website regarding the allegations against Plaintiff even after the charges were dismissed and the record was expunged. (Dkt. No. 156 at 7 n. 2, 16).

Prior to addressing these state law issues, the Court finds it necessary to resolve the question of whether the Court will exercise its supplemental jurisdiction once it has dismissed the pending federal claims. 28 U.S.C. § 1367(c)(3) authorizes the Court to decline to exercise its supplemental jurisdiction where "the district court has dismissed all claims over which it has

original jurisdiction." The Court is given wide latitude regarding the exercise of supplemental jurisdiction once the federal claims have been dismissed. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Factors that the Court should consider include "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity and considerations of judicial economy." *Id.*

All parties request that the Court remand the case to state court should only state claims remain. (Dkt. No. 160 at 3; Dkt. No. 161). Defendants, in particular, note the presence of various unsettled state law issues that will necessarily arise under Plaintiff's South Carolina Tort Claims Act causes of action. (Dkt. No. 161 at 2-3).

The Court finds that there are strong issues of comity that favor remand in this case. Defendants are state law enforcement officers and Plaintiff's claims under the South Carolina Tort Claims Act for malicious prosecution and defamation should more appropriately be handled by a state court. Further, there is no federal policy or interest in litigating these claims in federal court. Additionally, while the Court regrets the remand of this case on the eve of trial, all litigants request this course of action.

Therefore, the Court declines to adopt that portion of the R & R which references any of the state causes of action and makes no ruling on Defendants' motions for summary judgment regarding the Plaintiff's Second and Twentieth Causes of Action. The Court hereby declines to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) and remands the case to the Aiken County Court of Common Pleas. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988).

## Conclusion

Based on the foregoing, the Court **ADOPTS** that portion of the R & R recommending the grant of summary judgment regarding all of Plaintiff's federal causes of action. Therefore, the Court **GRANTS** summary judgment to Defendants as to Plaintiff's First, Third, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Sixteenth and Nineteenth Causes of Action. The Court declines to exercise its supplemental jurisdiction and remands the remaining state law claims (Second and Twentieth Causes of Action) to the Aiken County Court of Common Pleas.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 28, 2012